IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-1384-CV-W-DGK |
| ) | |
| REAL PROPERTY LOCATED AT 428 ) | |
| TWIN COVES ROAD, CLIMAX SPRINGS, ) | |
| MISSOURI, ALONG WITH ALL ITS ) | |
| BUILDINGS, APPURTENANCES, AND ) | |
| IMPROVEMENTS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**

This case is a forfeiture in rem action brought against three boat docks owned by claimants Pam Wilson and Randy Wilson ("the Wilsons"). The docks, which come with lifts and storage sheds, are located on the Lake of the Ozarks in Climax Springs, Missouri and are potentially quite valuable.

Now before the Court is the "United States' Motion Pursuant to Federal Rule of Civil Procedure 15(a)(2) for Leave of Court to Amend the Complaint, with Suggestions in Support" (Doc. 28). The United States filed the motion after the Wilsons moved to dismiss the Complaint on the grounds that it fails to state sufficient facts to show that any laws have been violated. The United States seeks to amend its complaint, suggesting "it would be helpful to the course of the litigation to clarify and expand upon a number of factual matters." The proposed Amended Complaint provides more detailed factual allegations, but does not allege any new legal theories.

Under Rule 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While "leave to amend shall be

freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted). "Leave is properly denied when there has been undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment would cause undue prejudice to the non-movant, or if the amendments would be futile." *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005).

The Wilsons oppose the motion, arguing allowing the government to amend the Complaint will prejudice them because they cannot afford "to pay for hours upon hours of attorney work to defend against an amended complaint that the Government itself claims is unnecessary." (Doc. 33 at 3.) Alternately, they argue amending the Complaint would be futile.

The Court finds granting the motion will not unduly prejudice the Wilsons. On the contrary, by clarifying the factual allegations the Amended Complaint might ultimately save time and money by narrowing the issues and streamlining discovery in this case. The Court is also not persuaded that amending the Complaint would be futile. By providing more factual detail, the proposed Amended Complaint lessens the probability that the Complaint fails to state a claim. Of course, if the Wilsons believe the Amended Complaint is still legally insufficient, they may renew their motion to dismiss.

Accordingly, the motion (Doc. 28) is GRANTED. Plaintiff shall file its Amended Complaint on or before April 23, 2013.

Plaintiff's pending motion to dismiss (Doc. 16) is DENIED WITHOUT PREJUDICE.

/s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE

Date: April 19, 2013